IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ELECTRONIC MERCHANT SYSTEMS LLC, ) | |
| ) | Case No. 1:20-cv-01898 |
| Plaintiff, ) | |
| ) | Judge Dan Aaron Polster |
| v. ) | |
| ) | OPINION & ORDER |
| PETER GAAL, ) | |
| ) | |
| Defendant. ) | |

Before the Court is the Defendant's motion to dismiss the Plaintiff's amended complaint for lack of personal jurisdiction, under Fed. R. Civ. P. 12(b)(2).  ECF Doc. 43.  For the following reasons, the Court DENIES the Defendant's motion to dismiss.

Background and Procedural History

The case background remains the same as that contained in the Court's prior opinion and order, dated June 16, 2022, where the Court ruled on the Defendant's motion to dismiss.  ECF Doc. 49.  The Defendant, Peter Gaal ("Mr. Gaal"), asserted two bases in his motion to dismiss: (1) lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); and (2) failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).  ECF Doc. 43.  The Court granted the Defendant's motion to dismiss under Rule 12(b)(6) and never reached the personal jurisdiction argument under Rule 12(b)(2).  ECF Doc. 49.  The Plaintiff, Electronic Merchant Systems LLC ("EMS"), appealed.  On January 31, 2023, the Sixth Circuit Court of Appeals affirmed in part and reversed in part the Court's judgment.  *Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877 (6th Cir. 2023) (ECF Doc. 52).  The Sixth Circuit reversed the dismissal of EMS's breach-of-guaranty claim against Mr. Gaal under Fed. R. Civ. P. 12(b)(6) and remanded the

1

breach-of-guaranty claim and the Defendant's lack of personal jurisdiction defense to this Court. *Id.* at 888-89.

On February 3, 2023, the Court held a status conference and encouraged the parties to pursue a global settlement that would encompass the related Florida bankruptcy case and pending adversary proceeding.  ECF Minutes of Proceedings, 02/03/2023.  On February 14, 2023, the Court approved the parties' litigation plan, which included a discovery deadline of August 31, 2023, "on the issues of novation, jurisdiction, and the chargeback amounts."  ECF Doc. 53; Minutes of Proceedings 02/03/2023.

Between February and August 2023, the parties attempted to negotiate a global settlement but were ultimately unable to reach an agreement.  ECF Minutes of Proceedings, 02/03/2023; 02/17/2023; 08/21/2023; ECF Docs. 55, 56, 62.  On August 14, 2023, the Court approved the parties' updated litigation schedule amid their continued mediation efforts, which included a discovery deadline of January 31, 2024, and a dispositive motions deadline of February 15, 2024.  ECF Doc. 59.  On August 22, 2023, the Defendant filed an answer and affirmative and other defenses to the amended complaint, in which he again asserted a lack-of-personal jurisdiction defense.  ECF Doc. 60, p. 5.

Between October and December 2023, the parties re-engaged in settlement discussions to resolve this case but reached an impasse in mid-December.  ECF Doc. 63.  The Court declined to extend the litigation deadlines and scheduled a two-day bench trial to begin on March 28, 2024.  ECF Minutes of Proceeding, 12/18/2023.  The Court now addresses the Defendant's motion to dismiss for lack of jurisdiction.

Rule 12(b)(2) Standard and Analysis

Rule 12(b)(2) permits the Defendant to assert a lack of personal jurisdiction defense by motion. Fed. R. Civ. P. 12(b)(2). EMS bears the burden of establishing that jurisdiction exists and "must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

Having reviewed the parties' pre-appeal briefs and attachments, the Court concludes that the matter may be resolved by the parties' submissions (ECF Docs. 43, 47, 48), without additional discovery or an evidentiary hearing.[1] *Id.* ("Presented with a properly supported 12(b)(2) motion and opposition, the court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions."). Accordingly, EMS "must make only a *prima facie* showing that personal jurisdiction exists" to prevail. *Theunissen*, 935 F.2d at 1458 ("Where the court relies solely on the parties' affidavits to reach its decision, the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal."). In other words, EMS can defeat the motion by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). The Court views the pleadings and affidavits in the light most favorable to the Plaintiff, and importantly, it does not weigh the Defendant's "controverting assertions." *Theunissen*, 935 F.2d at 1459 (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)).

The Plaintiff seeks to establish personal jurisdiction over Mr. Gaal by a forum selection clause in the 2014 merchant agreement that the Defendant signed on April 10, 2014, as the

---

[1] The parties did not supplement their pre-appeal briefs nor request an evidentiary hearing on the matter.

owner and personal guarantor of his company, Procom America LLC ("Procom").[2]  "[T]he requirement that a court have personal jurisdiction over a party is a waivable right and there are a variety of legal arrangements whereby litigants may consent to personal jurisdiction of a particular court system." *Preferred Capital, Inc. v. Assocs. in Urology*, 453 F.3d 718, 721 (6th Cir. 2006).  A forum selection clause is one such legal arrangement.  *Id.*  "When a federal court sitting in diversity exercises personal jurisdiction over a party pursuant to a forum-selection clause, state law controls the question of whether that clause is enforceable."  *Stone Surgical, LLC v. Stryker Corp.*, 858 F.3d 383, 388 (6th Cir. 2017) (citing *Preferred Capital, Inc. v. Sarasota Kennel Club, Inc.*, 489 F.3d 303, 308 (6th Cir. 2007)).  This is a diversity case, so the Court will apply Ohio law to determine whether the 2014 merchant agreement's forum selection clause is valid and enforceable.[3]

The Defendant argues that the forum selection clause is invalid and unenforceable because: (1) EMS was not a party to the 2014 merchant agreement and cannot enforce the forum selection clause without evidence of a valid assignment from Francis David Corporation to EMS; (2) the forum selection clause appears in the contract's two pages of fine print, which Mr. Gaal did not sign and the merchant agreement does not incorporate; and (3) the plain language of the forum selection clause applies only to claims against Procom for unpaid chargebacks, fees, and

---

[2] Paragraph 27 of the 2014 merchant agreement (ECF Doc. 40-1, PageID #280) reads:

> 27. Disputes, Governing Law, Jurisdiction, and Venue.  Bank and EMS shall have the absolute right to initiate or defend any and all disputes arising from this Agreement with Merchant.  This Agreement shall be governed by and constructed in accordance with the laws of the State of Ohio.  In the event of a claim by Bank and/or EMS for the failure of Merchant to pay Chargebacks, fees, settlement costs, or other amounts due hereunder, Merchant agrees that personal jurisdiction and venue of any such claim shall lie in the federal or state courts of Cuyahoga County, Ohio, and Merchant and any guarantors of Merchant's obligations and duties hereunder do each hereby waive all objections to said jurisdiction and agree to submit thereto.

[3] Additionally, the parties selected Ohio law as the choice of law.  ECF Doc. 40-1, PageID #280.

settlement costs under the contract, not to claims against Mr. Gaal related to his personal guaranty. ECF Doc. 43, PageID ##316, 317.

The Plaintiff opposes the Defendant's motion to dismiss and asserts that the Court has jurisdiction over Mr. Gaal because: (1) Francis David Corporation properly converted to EMS and retained all rights, privileges, powers, authorities, and obligations under the 2014 merchant agreement; (2) Mr. Gaal signed the 2014 merchant agreement that contained the forum selection clause; and (3) the Defendant does not assert that the forum selection clause is the product of "fraud or overreaching" or that it is "unreasonable and unjust." ECF Doc. 47, PageID ##343-46. Additionally, the Plaintiff states that it is prepared to establish long-arm jurisdiction and venue by amending its complaint to allege facts that "demonstrate that Gaal transacted business in the State of Ohio and maintained minimum contact with the State of Ohio and that the claims of relief arose in Cuyahoga County." *Id.* at PageID #347.

In determining the validity of a particular forum selection clause, the Court considers the following three factors: "(1) the commercial nature of the contract; (2) the absence of fraud or overreaching; and (3) whether enforcement of the forum selection clause would otherwise be unreasonable or unjust." *Preferred Capital, Inc.*, 453 F.3d at 721 (citing *Info. Leasing Corp. v. Jaskot*, 784 N.E.2d 1192, 1195 (Ohio Ct. App. 2003)).

All three factors weigh in favor of the forum selection clause's validity and enforcement. First, the commercial nature of the agreement is not in dispute. The forum selection clause at issue was part of a 2014 commercial contract between two, for-profit businesses: the Plaintiff, EMS, and the Defendant's company, Procom. ECF Doc. 40, ¶¶ 5-6; Doc. 40-1. Commercial forum selection clauses between for-profit business entities are *prima facie* valid. *Preferred Capital, Inc.*, 453 F.3d at 721. Second, Mr. Gaal does not argue that the forum selection clause

5

was the product of fraud, inducement, or overreaching. Instead, he contends that the merchant agreement simply does not incorporate the contract's two pages of fine print, in which the forum selection clause appears. ECF Doc. 43, PageID# 316. But Mr. Gaal and former-Defendant, Nikoletta Montgomery, signed and executed the 2014 merchant agreement as Procom's "owners and officers." ECF Doc. 40, ¶ 6; Doc. 40-1, PageID # 278. Additionally, Mr. Gaal signed the contract a second time as Procom's guarantor, which is the subject of this litigation. ECF Doc. 40-1, PageID # 278.

Third, requiring the Defendant to come to Cuyahoga County to adjudicate claims arising under the contract is just and reasonable considering that the Plaintiff is an Ohio limited liability company, with its principal place of business in Cleveland, Ohio. ECF Doc. 40, ¶ 1. Travelling from Hungary to Ohio may be inconvenient and troublesome for Mr. Gaal, but this alone is insufficient. *See Preferred Capital, Inc.*, 453 F.3d at 722 ("A finding of unreasonableness or injustice must be based on more than mere inconvenience to the party seeking to avoid the requirements of the forum selection clause.").

Additionally, an important component of the 2014 agreement was the Defendant's personal guaranty, as Mr. Gaal is a Hungarian national, domiciled in Hungary, and Procom's only guarantor. ECF Doc. 40, ¶ 3; Doc. 40-1, PageID # 278. An equally important aspect of the 2014 agreement was the forum selection clause, which meant that EMS could enforce the personal guaranty against Mr. Gaal without leaving its home base in Cleveland. As Procom's sole guarantor, Mr. Gaal waived any objections to the forum selection clause under paragraph 27, which reads in relevant part: "Merchant and any guarantors of Merchant's obligations and duties hereunder do each hereby waive all objections to said jurisdiction and agree to submit thereto." ECF Doc. 40-1, PageID #280. Naturally, it is unlikely that EMS would have agreed to

6

the terms with Mr. Gaal if it meant that it had to travel to Hungary to enforce the personal guaranty. Finally, there is no evidence before the Court that litigating this dispute in Ohio would be "manifestly and gravely inconvenient" such that Mr. Gaal would be "effectively deprived of a meaningful day in court." *Info. Leasing Corp.*, 784 N.E.2d at 1197. Therefore, all three factors weigh in favor of finding that the forum selection clause is valid and enforceable. Accordingly, the Plaintiff has established personal jurisdiction over Mr. Gaal.

## Conclusion

For the foregoing reasons, the Defendant's motion to dismiss for lack of personal jurisdiction is <u>DENIED</u>. The Court may supplement its ruling on this matter following the bench trial. Accordingly, the Plaintiff may present evidence at trial of Mr. Gaal's business transactions and minimum contacts with the State of Ohio to establish long-arm jurisdiction. And the Defendant may present evidence at trial to counter the Plaintiff's long-arm jurisdiction evidence.
IT IS SO ORDERED.

Date: January 8, 2024

                                            */s/ Dan Aaron Polster*
                                            Dan Aaron Polster
                                            United States District Judge